UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA FREEMAN,

    Plaintiff,

v.                                         Case No. 8:18-cv-02173-T-60SPF

FIDELITY CAPITAL HOLDINGS, INC.,
VICTORIANA TOLENTINO, and
MARCO ACEVEDO,

    Defendants.
_____/

**ORDER GRANTING (IN PART) AND DENYING (IN PART)
"PLAINTIFF'S OMNIBUS MOTION TO VACATE ORDER OF DISMISSAL
OF CLINTON J. SALLEE (D.E. 38) AND MOTION TO STRIKE IN
RESPONSE TO DEFENDANT FIDELITY CAPITAL HOLDINGS,
INC.'S LETTER OPPOSING ENTRY OF JUDGMENT;" AND**

**ORDER DIRECTING CLERK TO STRIKE MAY 22, 2019,
LETTER (DOC. # 47) AS UNAUTHORIZED FILING**

This matter is before the Court on "Plaintiff's Omnibus Motion to Vacate Order of Dismissal of Clinton J. Sallee (D.E. 38) and Motion to Strike in Response to Defendant Fidelity Capital Holdings, Inc.'s Letter Opposing Entry of Judgment (D.E. 47)" (Doc. # 82), filed by counsel on June 5, 2019. (Doc. # 53). After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

On August 30, 2018, Plaintiff Lisa Freeman initiated this fair debt collection action against Defendants Fidelity Capital Holdings, Inc., Clinton J. Sallee, Victoriana Tolentino, and Marco Acevedo. Plaintiff encountered difficulties serving

Mr. Sallee and was granted several extensions of time to complete service. (Doc. ## 17, 31, 37). On March 25, 2019, Judge Kovachevich dismissed Plaintiff's claims against Mr. Sallee without prejudice because Plaintiff failed to properly effectuate service of process. (Doc. # 38). Mr. Sallee was terminated as a party at that time.

Subsequently, Plaintiff sought default judgment against Defendant Fidelity Capital Holdings, Inc. (Doc. # 46). On May 22, 2019, the Court received a letter signed by Mr. Sallee, as president of Fidelity Capital Holdings, Inc. (Doc. # 47). In the letter, Mr. Sallee indicates that he is unable to afford a Florida attorney to represent his company but asks the Court to scrutinize the requested attorney's fees and costs. Based on this letter, Plaintiff requests that the Court (1) vacate its March 25, 2019, Order dismissing Mr. Sallee from the case and direct him to personally file an answer; and (2) strike the May 22, 2019, letter as unauthorized because it was not filed by an attorney.

## Request to Vacate Dismissal of Clinton J. Sallee

In her motion, Plaintiff requests that this Court vacate the March 25, 2019, Order dismissing Mr. Sallee based on non-service, deem formal service of process waived, and direct Mr. Sallee to personally file an answer. As grounds, Plaintiff alleges that she attempted to serve Mr. Sallee over twenty times, using two private process servers and the Los Angeles County Sheriff. Plaintiff further alleges that her counsel mailed a copy of the Summons and Complaint to a Burbank, California address, but Mr. Sallee did not acknowledge receipt or acquiesce to service. Plaintiff alleges that Mr. Sallee is trying to "game the system," and his May 22,

2019, letter "is a clear acknowledgement of his receipt of the allegations in this case and a clear submission to this Court's jurisdiction."

Upon review, the Court finds that no relief is warranted upon these allegations. Initially, the Court notes that it does not appear that the letter was submitted by Mr. Sallee in his personal capacity. Rather, Mr. Sallee attempted to send the May 22, 2019, letter on behalf of Fidelity Capital Holdings, Inc., as a response in opposition to a motion for default judgment.

However, even if the Court could construe the May 22, 2019, letter as filed by Mr. Sallee in his personal capacity, the Court would still deny relief. Here, Plaintiff has failed to effectuate formal service of process on Mr. Sallee despite numerous attempts. Although Plaintiff's motion is not entirely clear, it appears that Plaintiff is either arguing a lack of prejudice as to Mr. Sallee because he has actual knowledge of the suit through Plaintiff's proper service on Fidelity Capital Holdings, Inc., or alternatively, that Mr. Sallee waived his right to challenge service by submitting the letter. However, neither argument is persuasive. "A defendant's actual notice is not sufficient to cure defectively executed service." *D.H.G. Properties, LLC v. Ginn Companies, LLC*, Case No. 3:09-cv-735-J-34JRK, 2010 WL 11515292, at *3 (M.D. Fla. Sept. 28, 2010) (quoting *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)). **Consequently, the Court finds that Plaintiff has failed to provide a sufficient basis to vacate the Court's March 25, 2019, Order.**

### Request to Strike May 22, 2019, Letter (Doc. # 47)

Plaintiff further requests that the Court strike Mr. Sallee's May 22, 2019, letter, arguing that the filing is unauthorized because Mr. Sallee is not an attorney representing Fidelity Capital Holdings, Inc. The Court agrees. It is well-established that "a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). In the letter, Mr. Sallee acknowledges that he is not representing Fidelity Capital Holdings, Inc. as its attorney. **Because the May 22, 2019, letter is an unauthorized filing, the Clerk is directed to strike Doc. # 47 from the record.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 11th day of October, 2019.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**